GREGORY J. BROD, CSB 184456
BROD LAW FIRM, P.C.
96 Jessie Street
San Francisco, California 94105
Telephone (415) 397-1130
Facsimile (415) 397-2121

MARKUS WILLOUGHBY, CSB 197478
WILLOUGHBY LAW FIRM, INC.
1814 Franklin Street, Suite 800
Oakland, CA 94612
Telephone: (510) 451-2777
Facsimile: (510) 835-1050

Attorneys for Plaintiff
BRYCE LEMMONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYCE LEMMONS, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **Violation of 14th Amendment) to U.S. Constitution (42 U.S.C. § 1983);** |
| COUNTY OF SONOMA, CALIFORNIA FORENSICS MEDICAL GROUP, INC., CITY OF SANTA ROSA, and DOES 1 through 200, | 2. **Violation of 8th Amendment) to U.S. Constitution (42 U.S.C. § 1983);** <br> 3. **Cal. Gov. Code § 845.6;** <br> 4. **Cal. Civ. Code § 52.1;** <br> 5. **Negligence** |
| Defendants. | |

Plaintiff BRYCE LEMMONS complains and alleges against Defendants COUNTY OF SONOMA, CALIFORNIA FORENSICS MEDICAL GROUP, INC., CITY OF SANTA ROSA and DOES 1 to 200, and each of them, as follows:

## I.  JURISDICTION, VENUE AND GENERAL ALLEGATIONS

1.      Plaintiff BRYCE LEMMONS is an individual, and at all relevant times mentioned herein, was a resident of the State of California, County of Sonoma.

2.      Defendant COUNTY OF SONOMA (hereinafter referred to as "SONOMA COUNTY") is a municipal entity organized under the laws of the State of California.  SONOMA COUNTY operates, manages, directs, and/or controls the Sonoma County Sheriff's Department (hereinafter referred to as the "SCSD"), as well as the Sonoma County Jail.

3.      Defendant CITY OF SANTA ROSA (hereinafter referred to as "SANTA ROSA") is a municipal entity organized under the laws of the State of California.  SANTA ROSA operates, manages, directs, and/or controls the Santa Rosa Police Department (hereinafter referred to as the "SRPD").

4.      Defendant CALIFORNIA FORENSICS MEDICAL GROUP, INC. (hereinafter referred to as "CFMG") is a California corporation that at all relevant times mentioned herein, was doing business in the of the State of California, County of Sonoma.

5.      Jurisdiction is proper in this Court because the claimed damages exceed the minimum jurisdiction of this Court.  Venue is proper in this Court because the injuries giving rise to this action occurred in the County of Sonoma and at least one defendant is legally domiciled in Sonoma County.

6.      Jurisdiction is proper as this matter involves a federal question arising out of rights granted by the Untied States Constitution.

7.      Defendants DOE 1 through DOE 50 are, upon information and belief, employees of Defendant SONOMA COUNTY, and in acting or failing to act as alleged herein, were doing so in the course and scope of their employment with SONOMA COUNTY. These DOE Defendants are sued under fictitious names as their true identities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities.

8.      Defendants DOE 51 through DOE 100 are, upon information and belief, employees of Defendant SANTA ROSA, and in acting or failing to act as alleged herein, were doing so in the course and scope of their employment with SANTA ROSA. These DOE Defendants are sued under fictitious names as their true identities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities.

9.      Defendants DOE 101 through DOE 150 are, upon information and belief, employees of Defendant CFMG, and in acting or failing to act as alleged herein, were doing so in the course and scope of their employment with CFMG.  These DOE Defendants are sued under fictitious names as their true identities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities.  At all times mentioned herein, Defendants CFMG and DOES 101 through 150 were acting under color of law.

10.      At all times mentioned herein, each and every defendant was the agent of each other and had the legal duty to oversee and supervise the hiring, conduct, employment and discipline of each and every other defendant herein.  Each of the defendants caused, and are responsible for, the unlawful conduct described herein. Each defendant is responsible for

Plaintiff's injuries by personally participating in the unlawful conduct; acting jointly and in concert with others who did so; authorizing, acquiescing in, or failing to take action to prevent the unlawful conduct; promulgating policies and procedures pursuant to which the unlawful conduct occurred; failing and refusing, with deliberate indifference, to implement and maintain adequate training and supervision; and/or by ratifying the unlawful conduct.

11.    All individual Defendants herein were acting in their individual capacities and under color of state law.

12.    At all times mentioned herein, each and every individual defendant was acting under the color of the laws, statutes, ordinances, policies, practices, customs and usages of SONOMA COUNTY, SANTA ROSA, CFMG, the Sonoma County Sheriff's Department, the Santa Rosa Police Department, and/or the Sonoma County Jail.

## II.  GENERAL FACTUAL ALLEGATIONS

13.    On or about December 26, 2015 at approximately 9:00 p.m., Defendants SANTA ROSA and DOES 51 through 100 arrested Plaintiff BRYCE LEMMONS, who was sleeping behind a grocery store in Santa Rosa, California.

14.    At the time BRYCE LEMMONS was taken into custody, Defendants SANTA ROSA and DOES 51 through 100 knew or should have known that Mr. LEMMONS was in dire need of medical care.

15.    Defendants SANTA ROSA and DOES 51 through 100 had Mr. LEMMONS transported to Kaiser Hospital in Santa Rosa for the purposes of having him "medically cleared" so that he could be taken to the Sonoma County Jail for an outstanding arrest warrant.

16.    At approximately 1:00 a.m. on Sunday, December 27, 2015, Defendants SANTA ROSA and DOES 51 through 100 took custody of Mr. LEMMONS from Kaiser Hospital.  Mr.

LEMMONS, who was unable to walk due to extreme pain in both feet, was in a wheelchair, and was in wet clothing.

17.     Mr. LEMMONS' diagnosis by Kaiser Hospital included hypothermia.  Upon information and belief, Defendants SANTA ROSA and DOES 51 through 100 were provided with discharge instructions for Mr. LEMMONS' injuries and conditions, as well as instructions regarding his care.

18.     At approximately 1:00 a.m. on Sunday, December 27, 2015, Defendants SANTA ROSA and DOES 51 through 100 transported BRYCE LEMMONS to the Sonoma County Jail, where he was placed into the custody, care and control of Defendants SONOMA COUNTY and DOES 1 through 50.  At the time they delivered Mr. LEMMONS to the Sonoma County Jail, Defendants SANTA ROSA and DOES 51 through 100 failed to provide Defendants SONOMA COUNTY and DOES 1 through 50 adequate information regarding BRYCE LEMMONS' medical condition.

19.     At the time BRYCE LEMMONS was taken into custody, Defendants SONOMA COUNTY, CFMG, and DOES 1 through 50 and 101 through 150 knew or should have known that BRYCE LEMMONS was in dire need of medical care.

20.     BRYCE LEMMONS, who was in wet clothing, was placed in a cold cell at the Sonoma County Jail for several hours before he was given dry clothing.  Mr. LEMMONS, who could not walk, was given loose-fitting slippers to cover his feet, which he was unable to do by himself.

21.     During the time of his incarceration at the Sonoma County Jail, BRYCE LEMMONS consistently complained to Defendants SONOMA COUNTY and DOES 1 through 50 of feeling frozen, and of the severe pain he was suffering in both feet and legs.  In turn, Mr.

LEMMONS was told that no medical services were provided on Sundays, and that he would be placed on "the list" for Monday to be seen by a doctor.

22.     During the entire day of Sunday, December 27, 2015, as well as Monday, December 28, 2015, BRYCE LEMMONS complained of being in pain, and requested medical attention.  Though he suffered greatly from 1:00 a.m. on December 27, 2015 through the entirety of December 28, 2015, no one provided him with any medical care, treatment or attention, whatsoever.

23.     In the morning of Tuesday, December 29, 2015, Mr. LEMMONS was brought to court, where he complained of being denied medical care while incarcerated.  The Sonoma County Court then ordered Mr. LEMMONS to be seen by medical staff.

24.     Upon information and belief, on December 29, 2015, arrangements were made to have Mr. LEMMONS transported to Kaiser Hospital.  At that time, BRYCE LEMMONS' feet were both dark purple with black toes.

25.     BRYCE LEMMONS was admitted to Kaiser Hospital at approximately 4:30 p.m. on Tuesday, December 29, 2015, after being denied medical care by defendants, and each of them, for nearly seventy hours. Mr. LEMMONS's admitting diagnosis at Kaiser Hospital was gangrene of both feet.

26.     Due to the severity of BRYCE LEMMONS' condition, he was required to undergo medical treatment at Kaiser Hospital for several weeks.  Due to the injuries he suffered in the Sonoma County Jail, both of BRYCE LEMMONS' feet were required to be amputated, as well as the amputation of his lower right leg.

//

//

## III.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
#### Violation of Fourteenth Amendment to U.S. Constitution
#### (42 U.S.C. § 1983)

27.     Plaintiff incorporates herein by reference and re-alleges the allegations stated in Paragraphs 1 through 26, inclusive, of this Complaint.

28.     At the time BRYCE LEMMONS was brought to the Sonoma County Jail, and during his incarceration at that facility, Defendants, and each of them, knew or should have known of Mr. LEMMONS' serious medical conditions, and his dire need of medical care.

29.     In addition, Defendants, and each of them, knew or should have known of Mr. LEMMONS' serious medical conditions, and that he would require, at a bare minimum, to be kept warm.

30.     Despite knowing of BRYCE LEMMONS' serious and dire medical condition, Defendant DOES 1 through 10, and 51 through 60, and each of them, in their individual capacities, were deliberately indifferent to Mr. LEMMONS' serious medical needs.

31.     In ignoring Plaintiff's complaints and requests for medical care, Defendant DOES 1 through 10, and 51 through 60, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. LEMMONS of medical care, and were subjectively reckless and deliberately indifferent to Mr. LEMMONS' severe and serious medical needs.

32.     Defendants' duties were well established at the time of the deliberate indifference and thus the doctrine of qualified immunity does not apply.

33.     As a direct and proximate result of defendants' deliberate indifference, Plaintiff LEMMONS' suffered general and special damages including but not limited to permanent

injuries, loss of limb, loss of earning capacity and emotional distress, in an amount to be proven at trial.

34.     Defendants, and each of them, acted maliciously and/or in a despicable manner and with conscious disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of punitive damages.

35.     All individual Defendants herein were acting in their individual capacities and under color of state law.

### SECOND CAUSE OF ACTION
### Violation of Eighth Amendment to U.S. Constitution
### (42 U.S.C. § 1983)

36.     Plaintiff incorporates herein by reference and re-alleges the allegations stated in Paragraphs 1 through 35, inclusive, of this Complaint.

37.     At the time BRYCE LEMMONS was brought to the Sonoma County Jail, and during his incarceration at that facility, Defendants, and each of them, knew or should have known of Mr. LEMMONS' serious medical conditions, and his dire need of medical care.

38.     In addition, Defendants, and each of them, knew or should have known of Mr. LEMMONS' serious medical conditions, and that he would require, at a bare minimum, to be kept warm.

39.     Despite knowing of BRYCE LEMMONS' serious and dire medical condition, Defendant DOES 1 through 10, and 51 through 60, and each of them, in their individual capacities, were deliberately indifferent to Mr. LEMMONS' serious medical needs.

40.     In ignoring Plaintiff's complaints and requests for medical care, Defendant DOES 1 through 10, and 51 through 60, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. LEMMONS of medical care, and were

subjectively reckless and deliberately indifferent to Mr. LEMMONS' severe and serious medical needs.

41.     Defendants' duties were well established at the time of the deliberate indifference and thus the doctrine of qualified immunity does not apply.

42.     As a direct and proximate result of defendants' deliberate indifference, Plaintiff LEMMONS' suffered general and special damages including but not limited to permanent injuries, loss of limb, loss of earning capacity and emotional distress, in an amount to be proven at trial.

43.     The acts and omissions as described herein equated to cruel and unusual punishment, and a violation of the Eighth Amendment to the United States Constitution.

44.     Defendants, and each of them, acted maliciously and/or in a despicable manner and with conscious disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**Cal. Govt. Code § 845.6**

45.     Plaintiff incorporates herein by reference and re-alleges the allegations stated in Paragraphs 1 through 44, inclusive, of this Complaint.

46.     At all relevant times mentioned herein, defendants, and each of them, knew or had reason to know that Plaintiff BRYCE LEMMONS was in immediate need of medical care and failed to take reasonable action to summon such care.

47.     In ignoring Plaintiff's complaints and requests for medical care, Defendant DOES 1 through 10, and 51 through 60, and each of them, who were acting under color of law in their individual capacities, objectively deprived Mr. LEMMONS of medical care, and were

subjectively reckless and deliberately indifferent to Mr. LEMMONS' severe and serious medical needs.

48.     Defendants' duties were well established at the time of the deliberate indifference as described herein and thus the doctrine of qualified immunity does not apply.

49.     The Defendants' failure to summon medical care for Plaintiff was done in the course and scope of their respective employment with Defendants SANTA ROSA, COUNTY OF SONOMA, or CFMG, acting under color of law, rendering Defendants SANTA ROSA, COUNTY OF SONOMA, and CFMG vicariously liable pursuant to Section 815.2 of the Government Code.

50.     As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff BRYCE LEMMONS was incarcerated and deprived of medical care, to the point where he suffered irreparable injury, including loss of limb.

51.     As a direct and proximate result of defendants' deliberate indifference and acts and omissions as described herein, Plaintiff LEMMONS' suffered general and special damages including but not limited to permanent injuries, loss of limb, loss of earning capacity and emotional distress, in an amount to be proven at trial.

52.     The Defendants' acts and omissions set forth herein were done with despicable, callous, willful, wanton, and/or reckless disregard for Plaintiff's rights and safety, rendering them liable for exemplary and/or punitive damages, pursuant to Section 3294 of the California Civil Code.

## FOURTH CAUSE OF ACTION
### Cal. Govt. Code § 52.1

53.     Plaintiff incorporates herein by reference and re-alleges the allegations stated in Paragraphs 1 through 52, inclusive, of this Complaint.

54. Defendants, and each of them, violated Plaintiff's rights protected by the laws and Constitutions of the United States and the State of California, including but not limited to the right of an arrestee/prisoner to have medical care summoned, and the right to bodily integrity.

55. In violating Plaintiff's rights, Defendants arrested, detained and imprisoned Plaintiff against his will. Defendants have thereby interfered with Plaintiff's federal and state constitutional and statutory rights by threat, intimidation or coercion, in violation of Section 52.1 of the California Civil Code.

56. Defendants' duties were well established at the time of the deliberate indifference as described herein and thus the doctrine of qualified immunity does not apply.

57. As a direct and proximate result of the Defendants' conduct as alleged herein, Plaintiff has suffered serious and permanent injuries and other damages in an amount according to proof at trial.

58. Defendants' acts and/or omissions set forth herein were done in the course and scope of their respective employment with Defendants SANTA ROSA, COUNTY OF SONOMA, or CFMG, acting under color of law, rendering Defendants SANTA ROSA, COUNTY OF SONOMA, and CFMG vicariously liable pursuant to Section 815.2 of the Government Code.

59. As a direct and proximate result of defendants' deliberate indifference and acts and omissions as described herein, Plaintiff LEMMONS' suffered general and special damages including but not limited to permanent injuries, loss of limb, loss of earning capacity and emotional distress, in an amount to be proven at trial.

60. The individual Defendants' acts and/or omissions set forth herein were done with despicable, callous, willful, wanton, and/or reckless disregard for Plaintiff's rights and safety,

1    rendering them liable for exemplary and/or punitive damages, pursuant to Section 3294 of the

2    Civil Code.

3                                      **FIFTH CAUSE OF ACTION**
                                              **Negligence**
4

5          61.    Plaintiff incorporates herein by reference and re-alleges the allegations stated in

6    Paragraphs 1 through 60, inclusive, of this Complaint.

7          62.    Defendants, and each of them, owed Plaintiff a duty to use reasonable care to

8    avoid injury to Plaintiff, created by statute, assumed by Defendants, arising from a special
9
10   relationship, and/or arising from the state-created danger doctrine.

11         63.    In doing the acts and omissions alleged herein, defendants breached their

12   respective duties to Plaintiff, proximately causing Plaintiff to suffer catastrophic injuries.

13         64.    Defendants' acts and/or omissions set forth herein were done in the course and
14
     scope of their respective employment with Defendants SANTA ROSA, COUNTY OF
15
16   SONOMA, or CFMG, acting under color of law, rendering Defendants SANTA ROSA,

17   COUNTY OF SONOMA, and CFMG vicariously liable pursuant to Section 815.2 of the

18   Government Code.

19         65.    As a direct and proximate result of defendants' acts and omissions as described
20
     herein, Plaintiff LEMMONS' suffered general and special damages including but not limited to
21
22   permanent injuries, loss of limb, loss of earning capacity and emotional distress, in an amount to

23   be proven at trial.

24                             **IV.  DEMAND FOR JURY TRIAL**

25       Plaintiff BRYCE LEMMONS hereby demands a trial by jury.

26

27

28

---

                                    COMPLAINT FOR DAMAGES
                                              - 12

### V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment in its favor and against Defendants, and each of them, as follows:

1.    For compensatory damages in an amount according to proof;

2.    For punitive damages against the individual defendants, according to proof;

3.    For attorneys' fees pursuant to California Civil Code§ 52.1(h), and 42 U.S.C. §§ 1988 and 12205;

4.    For an award of three times the amount of actual damages, pursuant to California Civil Code §§52(a) and 52.1(b);

5.     For any applicable statutory penalties;

6.    Recovery of costs and expenses;

7.    Pre- and post-judgment interest;

8.    Such other and further relief as the Court deems just and proper.

Dated: August ____, 2016          **BROD LAW FIRM, P.C.**
                                   **WILLOUGHBY LAW FIRM, INC.**


                                   By: _____
                                          GREGORY J. BROD

                                   *Attorneys for Plaintiff*